UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SHANNON NICHOLE SUTTON ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:23-CV-144-LCB |
| ) | |
| TIFFIN MOTOR HOMES, INC., ) | |
| and FORD MOTOR COMPANY, ) | |
| ) | |
|    Defendants. ) | |

## **MEMORANDUM OPINION & ORDER**

Shannon Nichole Sutton sued Tiffin Motor Homes, Inc., and Ford Motor Company, in the Circuit Court of Montgomery County, Alabama, alleging breach of express and implied warranties, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 23021, *et seq*. Tiffin removed the case to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1331, 1367, 1441, and 1446. After removal, the district judge in the Middle District granted Tiffin's motion to transfer the case to this Court. Sutton did not move to remand in either court, and, having reviewed the Notice of Removal and the Complaint, this Court is satisfied that it has federal question jurisdiction over Sutton's Magnuson-Moss claim and supplemental jurisdiction over the remaining claims.

In her complaint, Sutton alleged that both Ford and Tiffin failed to uphold their respective warranties on a Tiffin Allegro motor home she purchased in 2021.

According to Sutton, the motor home was defective from the outset, suffering from persistent mechanical, structural, and electrical failures that significantly impaired its use, value, and safety. She asserts that despite multiple attempts to have these defects repaired under warranty, the issues were never fully resolved, leaving her with a vehicle that fails to perform as warranted.

Both Defendants have moved for summary judgment, (Docs. 36 & 38), but Sutton has not responded to either. Ford and Tiffin correctly point out that this Court's initial order gave Sutton 21 days to respond to the motions. That deadline has long since passed. The Eleventh Circuit has held where the adverse party does not respond, summary judgment shall be entered against the adverse party *if appropriate*. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing FED. R. CIV. P. 56(e)) (emphasis added). Under Rule 56(e), "'summary judgment cannot be granted by default even if there is a complete failure to respond to the motion.' FED. R. CIV. P. 56(e) advisory committee notes to 2010 amendment. 'Where the nonmoving party has failed to respond to a motion for summary judgment, [the] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.' *Ronald Sciortino Bankr. Estate v. Selene Fin., L.P.*, 2020 WL 5548340, at *3 (N.D. Ga. July 22, 2020) (citing *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099,

1101 (11th Cir. 2004)). 'While the district court need not review all the evidentiary materials on file, the district court must review the evidentiary materials submitted in support of summary judgment and determine whether they establish the absence of a genuine issue of material fact.' *Id*. (citation omitted)." *Broes v. Boyce*, 629 F. Supp. 3d 1324, 1332 (N.D. Ga. 2022), aff'd sub nom. *Broes v. Hall Cnty. Georgia Dist. Att'y*, No. 22-13914, 2023 WL 6620286 (11th Cir. Oct. 11, 2023). The Court has reviewed both Defendants' motions along with their evidentiary submissions and finds that they are due to be granted.

## I.     Ford Motor Company

The resolution of Ford's motion for summary judgment is straightforward. Sutton alleged that Ford breached its express warranty, an implied warranty, and violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 23021, *et seq.* (Doc. 1-2). To establish a breach of an express warranty under Alabama law, Plaintiff must show the warranty failed of its essential purpose: either the dealer refused to repair or replace the malfunctioning component or failed to do so within a reasonable time. *Lipham v. General Motors Corp.*, 665 So. 2d 190, 192 (Ala. 1995) citing *AG-Chem Equip. Co. v. Limestone Farmers Co-op, Inc.*, 567 So. 2d 250, 252 (Ala. 1990).

It is undisputed that Ford's express warranty covered only components of the vehicle's drivetrain. The only defects Sutton listed in her complaint that would fall under that warranty were "transmission knocking noise when switching from fifth

3

to fourth gear despite numerous repair attempts"; "engine light illuminating intermittently"; "engine misfiring"; and "transmission issues persist despite numerous repair attempts." (Doc. 1-2 at 2). However, in her deposition, Sutton testified that she presented the vehicle to a Ford dealership who repaired these issues. After testifying about the knocking in the transmission, defense counsel asked if the Ford dealership "handled that part" to which she replied, "they were able to fix that." (Doc. 40-13 at 12). She agreed that, to her knowledge, those issues were fixed. *Id*. When asked if there were "any other kind of engine, drive train issue[s], anything like that … still going on with the vehicle," Sutton replied, "[n]ot at the moment, no." *Id*. She similarly testified that the engine light issue was repaired, *Id.* at 13, as was the "issue with the engine misfiring." *Id.* at 21. Finally, Sutton was asked: "So, is there anything, as you're sitting here today, that you contend Ford Motor Company has or has not done in relation to fixing this vehicle that is under their responsibility?" *Id.* at 14. Sutton replied, "I don't feel like there's anything else standing they're responsible for." *Id.*

As noted, Sutton has not filed a response challenging or attempting to clarify any of this evidence. Accordingly, the undisputed evidence shows that Ford fulfilled its obligations under the express warranty. Thus, even when viewed in the light most favorable to Sutton, there is no genuine issue of material fact as to whether Ford refused to repair or replace the malfunctioning component or failed to do so within

4

a reasonable time, i.e., whether it breached its express warranty. Summary judgment in Ford's favor is therefore due to be granted on this issue.

Given that the undisputed evidence shows that Ford did not breach its express warranty as to any of the issues Sutton identified, it follows that there is no breach of any implied warranty. But even if she had offered evidence to prove otherwise, her implied warranty claim still fails because there is no privity of contract between Ford and Sutton. It is undisputed that Sutton purchased the vehicle from LazyDays RV, not Ford. The Alabama Supreme Court has emphasized that "'implied warranties [of merchantability] are applicable only to sellers.'" *Blackmon v. Powell*, 132 So. 3d 1, 6 (Ala. 2013) (citing *Ex parte General Motors Corp.*, 769 So. 2d 903, 910 (Ala. 1999)). There is no genuine dispute of material fact that Ford manufactured the chassis of the subject vehicle and subsequently sold that chassis to Tiffin, who in turn upfitted the chassis into a motor home. Tiffin then sold the motor home to LazyDays RV who in turn sold it to Sutton. Thus, the "seller" of the vehicle was LazyDays RV, an independent motor home dealer. This is supported by the record, and Sutton has submitted nothing to refute it. Accordingly, summary judgment is due to be granted in Ford's favor on Sutton's breach-of-implied-warranty claim.

Sutton's claim under the Magnuson-Moss Warranty Act also fails. "The Act was intended to supplement, not supplant, state law. Therefore, unless the Act

expressly prescribes a regulating rule, courts should apply state law to written and implied warranty claims made under the Act." *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1040 (N.D. Ga. 2004), aff'd, 168 F. App'x 893 (11th Cir. 2006). The Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract," may pursue a civil cause of action. 15 U.S.C. § 2310(d)(1). Because Sutton has failed to demonstrate any genuine factual dispute as to whether Ford breached any express or implied warranties, it follows that she has no cause of action under the Magnuson-Moss Warranty Act, and that claim fails as a matter of law. Accordingly, summary judgment is due to be entered in Ford's favor on this claim as well.

## II. Tiffin Motor Homes

Sutton's claims against Tiffin fail for largely the same reasons. Separate from Ford's warranty covering the drivetrain, Tiffin provided Sutton a one-year, 12,000-mile limited warranty covering the body and living quarters of the vehicle. Sutton claims that, shortly after taking possession of the vehicle, she began experiencing numerous defects, including wiring malfunctions, air conditioning failures, persistent knocking noises in the transmission, a main slide that creeps out while driving, a bed that drops unexpectedly, and various other component failures that created safety hazards. These defects allegedly rendered the motor home unreliable

for travel and unsuitable for its intended use.

However, Tiffin has identified evidence in the record showing that it either performed under its warranty or Sutton failed to deliver the vehicle for inspection and, if warranted, repairs. Tiffin produced a letter it sent to Plaintiff's counsel on April 8, 2022, in which it noted her complaints and requested that she provide "a list of outstanding warrantable items that require repair. (Doc. 37-3 at 142). The letter went on to state that, once it had the list, Tiffin would schedule an inspection and repair attempt at their service location. *Id*. Tiffin correctly points out that Sutton has produced no evidence to show that she responded to that letter despite follow-up attempts from Tiffin. Thus, the undisputed evidence shows that Tiffin either performed or was prevented from performing its obligations under its express warranty.

Further, Sutton has offered no evidence to prove that any defects existed. Although she alleged specific defects as noted above, she has produced no expert to testify that these conditions were defects that would fall within the scope of a warranty. "Although a plaintiff should not be required to prove the specific cause of a defect, there must be sufficient proof to establish that the alleged problem is truly a defect in the manufacture or material used to manufacture the motor home." *Bailey*, 350 F. Supp. at 1045. "As a general rule, expert testimony is not required to establish a defect if that defect is one that can be understood by the reasonable juror."

7

*Id*.  But here, Tiffin says, the alleged defects are technical, RV-specific claims that require an expert to establish.  By failing to respond to the motion for summary judgment, Sutton has offered nothing to rebut this, and the record supports Tiffin's claim.  Accordingly, there is no genuine issue of material fact as to whether Tiffin breached its express warranty and, even if there were, Sutton has offered nothing to prove that any warrantable defects existed.  Accordingly, summary judgment is due to be granted in Tiffin's favor as to Sutton's express warranty claim.

Sutton's implied-warranty claim fails for the same reason it failed against Ford: she is not in privity with Tiffin.  Because there is no dispute that she purchased the vehicle from LazyDays, it follows that Tiffin, like Ford, is not the "seller."  Thus, any implied warranty claim against Tiffin fails for the same reason.  This is also true for Sutton's Magnuson-Moss Warranty Act Claim.  Because she can show no genuine factual dispute as to whether Tiffin breached any express or implied warranty, it follows that she has no cause of action under the Magnuson-Moss Warranty Act, and that claim fails as a matter of law.

### III.   Conclusion

Sutton failed to respond to either Defendant's motion for summary judgment.  Thus, the Court has reviewed the Defendant's briefs and the evidentiary materials they submitted in support of summary judgment and, for the reasons stated above, determines that there is an absence of a genuine issue of material fact.  Accordingly,

both Ford's (Doc. 38) and Tiffin's (Doc. 36) motions for summary judgment are **GRANTED.**  The Court will enter a separate, final judgment.

**DONE** and **ORDERED** March 3, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE